### BENJAMIN SHAW & COMPANY

*vs.*

### FRANK C. MOODY, et als., AND TRUSTEES.

Cumberland County.  Decided July 1, 1919.  This is an action to recover commissions for negotiating a sale of certain real estate owned by the defendants.  The active parties are one Guy W. Davis who does business under the style of Benjamin Shaw & Company, and Frank C. Moody, acting for himself and other owners.  The

employment of the plaintiff as a real estate broker is denied by defendants, and by the terms of the agreed statement, the question of employment of the plaintiff by the defendant Frank C. Moody is to be determined by the correspondence and telegrams in the record.

The case is submitted to the Law Court upon an agreed statement of facts in which is included copies of certain correspondence; as to certain letters and telegrams between the defendant, Frank C. Moody, M. C. Rich & Company and G. V. Morris, so included in the case, the following stipulation is made, "The question of admissibility of this correspondence is reserved for the Court." The case does not show by which party the correspondence referred to was offered, nor the objection raised. The case being submitted on an agreed statement of facts, this stipulation must be held to mean that the facts stated in said correspondence are true and are to be considered as far as deemed by the court to be material.

A careful consideration of the correspondence printed in the record in the light of the admitted facts fails to show any contract of employment of plaintiff by the defendant Frank C. Moody. The case shows clearly that Moody employed F. S. & E. G. Vaill, who seem to be also known in the transaction as Maurice C. Rich & Co., to sell the property, and gave them the exclusive sale; he in terms so stated to the plaintiff, expressing his intention to live up to his agreements and not render himself liable to pay two commissions. The plaintiff knew that the Vaills had the property for sale and obtained their consent to negotiate directly with Moody, and had an agreement with them to receive half the commission if his customer took the property. The plaintiff endeavored to negotiate a binding contract for sale with defendants; but the defendant, Frank C. Moody, did not execute the sale contracts forwarded to him by plaintiff. Judgment for defendants. *William H. Gulliver*, for plaintiff. *Strout & Strout*, for defendant.